BACH BROS., Inc., v. GEORGE BACKER CONST. CO.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. APPEAL AND ERROR &⇒667—RECORD—STATEMENT IN BRIEF.
    The Appellate Term is bound by the record, and the statement of counsel in briefs as to what did and did not occur at the trial, if unsupported by the record, cannot be considered.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2862, 2863; Dec. Dig. &⇒667.]

2. JUDGMENT &⇒255—CONSENT—FURTHER PROOF.
    In an action to recover the purchase price of bronze ornaments manufactured by plaintiff for the defendant, with counterclaim for breach of warranty, where the record showed that a judgment dismissing the complaint and finding for defendant upon its counterclaim was, by the consent of parties, reopened for the taking of further proof, and where it appeared that no further testimony was taken, except that some of the ornaments made by plaintiff, and which defendant claimed did not correspond with the sample, were produced in court, though not offered as evidence, that they were not examined by the court, and that there was no evidence given as to their condition, there was no foundation for the entry of a judgment for plaintiff, based upon the alleged further proof.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. &⇒255.]

3. APPEAL AND ERROR &⇒1177—DISPOSITION—NEW TRIAL.
    Where the court below, in an action for the purchase price of ornaments made by plaintiff for defendant, rendered judgment against plaintiff and for defendant on its counterclaim, and the Appellate Term could not determine from the record whether proof had on a reopening of a judgment by consent was sufficient to sustain the vacation and entry of judgment for plaintiff, the interests of justice required a new trial.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. &⇒1177.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Bach Bros., Incorporated, against the George Backer Construction Company, with counterclaim by defendant. From a judg-

ment denying a motion to set aside a judgment for plaintiff, defendant appeals. Judgment and order reversed, and a new trial ordered.

Argued January term, 1916, before GUY, BIJUR, and GAVE-GAN, JJ.

Arnstein & Levy, of New York City (Samuel Levy, of New York City, of counsel), for appellant.

Benjamin M. Kaye, of New York City, for respondent.

GUY, J. This action was brought to recover the purchase price of bronze ornaments manufactured by the plaintiff for the defendant. The defendant counterclaimed for breach of warranty. The case was first tried June 17, 1915, and judgment rendered dismissing the complaint and in favor of the defendant upon its counterclaim. Subsequently plaintiff moved to vacate the judgment, and on the return day of the motion, upon the defendant's objection that it should have been brought on for hearing within five days after the rendition of the judgment, the justice held that such objection was good. As to what took place afterwards on the return of the motion there is a dispute. The appellant claims that the justice, having held that he could not proceed with the motion, announced that he would write an opinion stating, in substance, that he believed that in rendering judgment for the defendant he had made a mistake; that defendant's counsel thereupon asked the justice why he had changed his mind, to which the latter replied that, as only three pieces of the large number of articles furnished by plaintiff were produced in court, it might be that the worst three pieces of plaintiff's manufacture were presented, and he desired to see more of the ornaments; that defendant's counsel then said he had no authority to produce the articles, but would report the matter to the defendant. It appears that on June 29th, upon notice to the plaintiff's attorney, he did produce in court some of the articles manufactured by the plaintiff, and it is stated that at that time there were several statements made, both by the officers of the plaintiff and the defendant, none of which were taken down on the record, and that thereafter the justice rendered a judgment for the plaintiff, and dismissing the counterclaim. Plaintiff's counsel claims that defendant's counsel consented to reopen the case, and that, although no testimony was taken on June 29th, the justice's action in rendering judgment in favor of the plaintiff and dismissing the defendant's counterclaim was justified. After the entry of the second judgment, defendant moved to vacate it, the motion was denied, and this appeal is from the second judgment and the order denying the motion.

[1] This court is bound by the record, and statements of counsel in briefs as to what did or did not occur at the trial, if unsupported by the record, cannot be considered. The judgment of June 17th is made a part of the return, and contains this recital: "Opened by consent June 29, 1915." The stenographer's minutes at the end of the record contains this statement:

"June 29, 1915. The case reopened by consent of the parties for further proof. On request of the court, the work performed by the plaintiff was produced in court, and was examined by the court. No testimony was taken.

"The Court: Decision reserved."

Thereafter the court rendered judgment as aforesaid in favor of the plaintiff. If these statements are incorrect, the aggrieved party should have moved to have the return amended.

[2] As it stands it is clear that the judgment of June 17th was, by consent of the parties, reopened for the purpose of "taking further proof," and, had it appeared that further proof was taken, undoubtedly the justice would have had the right to render judgment in accordance with the facts as shown on the entire record. The record further shows that no further testimony was taken. It states that the "work performed by the plaintiff was produced in court." Both parties concede that what was actually produced was some of the ornaments made by the plaintiff, and which the defendant claimed did not correspond with the sample. These were not offered in evidence by either party, nor was any testimony given as to their condition, and it does not appear what the examination of them by the court disclosed. There was, therefore, no foundation laid for the entry of a judgment based upon the so-called "further proof."

[3] It is clear that the court below reversed itself upon what it considered further proof, and as from the record this court cannot determine whether or not such proof was sufficient to uphold such reversal, and the granting of judgment in favor of the plaintiff, the interests of justice require that there should be a new trial.

Judgment and order appealed from reversed, and a new trial ordered, with $30 costs to abide the event. All concur.